UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TARVARUS MOSELY                                                   PETITIONER

V.                                        CIVIL ACTION NO.1:07CV6-MPM-JAD

WILLIAM C. JARVIS, et al.                                     RESPONDENTS

REPORT AND RECOMMENDATION

Tarvarus Mosely was indicted on one count each of sale of cocaine and MDMA (Ecstasy). He pled guilty to the count of sale of cocaine in the Circuit Court of Lowndes County, Mississippi. He was sentenced to eleven years in the custody of the Mississippi Department of Corrections. He thereafter filed a motion for postconviction relief with the Lowndes County Circuit Court. This motion was denied. Mosely appealed and the Mississippi Court of Appeals affirmed the lower court's denial of the postconviction motion in a written opinion on November 7, 2006. Mosely failed to seek a rehearing in the court of appeals and did not file a petition for writ of certiorari with the Mississippi Supreme Court. The respondents have filed an answer raising Mosely's failure to exhaust his remedies with the state court.

LIMITATIONS ON REVIEW

Consideration of a federal petition for habeas corpus is a two-tiered procedure. Before considering the merits of any claim the court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. The petition must be timely filed.[1] Secondly, each claim in the petition must have been exhausted, 28 U.S.C § 2254(b)(1).[2] The claim

---

[1] There is no challenge to the timeliness of this petition.

[2] "An application of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).

must have been presented to the highest court in the state, here the Mississippi Supreme Court, either on direct appeal or by post-conviction proceedings. If the claim is exhausted the court generally proceeds to the merits. If the claim is not exhausted and state post-conviction relief is no longer available the claim will be finally dismissed.[3]

There are other procedural requirements and limitations on the power of the federal courts to grant habeas relief to petitioners who are incarcerated on state criminal judgments. These additional restrictions are not pertinent here. Mosely's petition should be dismissed for his failure to exhaust state remedies. Because Mosely can no longer proceed in state court, the dismissal should be with prejudice.

## ANALYSIS

None of this petitioner's current claims for habeas relief have been presented to or considered by the Mississippi Supreme Court. There was no direct appeal and the motion for post-conviction relief was not appealed beyond the Mississippi Court of Appeals. Title 28 U.S.C. §2254(c) requires a petitioner for habeas relief in this court to exhaust his state court remedies prior to filing a federal petition. Petitioner's failure to seek discretionary review by the Mississippi Supreme Court constitutes failure to exhaust state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847, 119 S. Ct. 1728, 1733, 144 L. Ed. 2d 1 (1999) held that state prisoners are required "to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State."[4] "A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral

---

[3] *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995).

[4] *See also, Richardson v. Procunier*, 762 So.2d 429 (5th Cir. 1985).

relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.), *cert. denied,* 516 U.S. 1050, 116 S.Ct. 115, 133 L. Ed. 2d 669 (1996)). The doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts," and thus "serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose v. Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198, 1204, 71 L. Ed. 2d 379 (1982)) (citations omitted)).

On review of the file it is clear that Mosely cannot now return to the Mississippi courts. Any successive petition in the Mississippi courts is procedurally barred. He has procedurally defaulted his federal claims. Mississippi Code Annotated § 99-39-23(6) provides in pertinent part, "the order ... dismissing the petitioner's motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this chapter." This procedural bar has been held to be an independent and adequate state procedural bar. *Moawad v. Anderson*, 143 F. 3d 942, 947 (5th Cir. 1998); *Chancellor v. State of Mississippi*, 129 Fed. Appx. 878, 2005 WL 743956 (5th Cir. March 31, 2005).

It is apparent that any attempt to exhaust his state remedies is futile under Mississippi law. "Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, this court may not review the prisoner's habeas petition unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Moawad* at 947). Mosely did not file a traverse and makes no showing of any cause for his failure to seek discretionary review in his petition. He therefore has made no showing of cause

for his default. Without a showing of cause for Mosely's default it is not necessary to consider prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

The failure to consider the procedurally defaulted claims in federal court results in a fundamental miscarriage of justice only where there is a showing of actual innocence. Here Mosely makes no claim of actual innocence. Because there is no allegation or showing of actual innocence, there will be no fundamental miscarriage of justice in refusing to hear this petition. *See, Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).

It is recommended that the petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 26th day of June, 2008.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE